Matter of Morris v New York City Off. of Admin. Trials & Hearings (OATH) (2023 NY Slip Op 01961)

Matter of Morris v New York City Off. of Admin. Trials & Hearings (OATH)

2023 NY Slip Op 01961

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 100324/22 Appeal No. 54 Case No. 2022-05156 

[*1]In the Matter of Barbara Morris, Petitioner,
v
New York City Office of Administrative Trials and Hearings (OATH), Respondent.

Barbara Morris, petitioner pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.

Determinations of respondent New York City Office of Administrative Trials and Hearings (OATH), dated October 21, 2021, which, after a hearing, sustained a charge that petitioner was illegally vending food at a bus stop, and dated December 16, 2021, which denied petitioner's request for a superseding appeal, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered June 24, 2022) dismissed, without costs.
The proceeding was improperly transferred to this Court, as petitioner does not raise an issue of substantial evidence but rather whether OATH's interpretation and application of the subject regulation was arbitrary and capricious or affected by an error of law (see Matter of Shapiro v City of New York, 190 AD3d 440, 441 [1st Dept 2021], citing CPLR 7803[3], [4]). Nevertheless, we will determine the issue (id.; CPLR 7804[g]).
Petitioner was issued a summons under the regulation of nonparty New York City Department of Parks and Recreation (DPR) precluding the vending of "anything whatsoever using a display stand that . . . is within," among other places, "any bus stop" (56 RCNY 1-05 [b][5][iii]). The DPR regulation provides that "a display stand shall mean a movable, portable or collapsible structure, framework, device, container or other contrivance used by a vendor in any property under the jurisdiction of the Department for the purpose of displaying, keeping or storing any goods, wares, merchandise, foodstuffs or expressive matter" (56 RCNY 1-05 [b][6]).
We find that OATH's determination that the definition of "display stand" includes food pushcarts, as movable structures or devices displaying or storing foodstuffs, was not arbitrary and capricious or affected by an error of law, but was instead rational and entitled to deference (see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481 [2008]; Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]).
Contrary to petitioner's contention, the definitions in the New York City Health Code apply only to Title 24 of the Rules of the City of New York, not to the DPR regulations in Title 56 (see NY City Health Code [24 RCNY] § 81.03).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023